**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff ) | CASE NO. 1:15-CR-156 |
| ) | |
| v. ) | JUDGE DAN A. POLSTER |
| ) | |
| JAMES J. PATERSON, ) | OPINION AND ORDER |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

Before the Court is Defendant James Paterson's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(I) for Immediate Release Due to COVID-19 Circumstances, **Doc #: 37**. For the foregoing reasons, Paterson's motion is **DENIED**.

**I. Background**

On January 15, 2016, Defendant Paterson was sentenced to 97 months of imprisonment for receipt and possession of child pornography. Doc #: 32. Paterson is currently held at FCI Butner and has a release date of December 14, 2022.[1] Defendant suffers from Crohn's disease and high cholesterol. He asks the Court to release him due to the fact that these medical conditions have life threatening consequences if he were to test positive for COVID-19 a second time.

**II. Discussion[2]**

Under § 3582(c)(1)(A)(i), before granting a sentence modification, a court must find: (A) extraordinary and compelling reasons warrant a sentence modification; (B) the defendant is not a

---

[1] *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Nov. 3, 2020).
[2] A defendant must satisfy § 3582(c)(1)(A)(i)'s exhaustion requirement before filing a motion for compassionate release. Paterson has satisfied the exhaustion requirement.

1

danger to the safety of any other person or the community, and (C) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). *United States v. Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020).

### A. Extraordinary and Compelling Reasons

Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1. Here, the only relevant category is the fourth category, labeled "other reasons." *Hardin*, 2020 WL 2610736, at *3. To determine whether other reasons warrant sentence modification, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *Id.*

The Centers for Disease Control and Prevention ("CDC") have determined that certain medical conditions unquestionably present an increased risk from COVID-19.[3] Paterson does not document any medical conditions that pose an increased risk of severe illness from COVID-19. The Court does not minimize the fact that Defendant suffers from Crohn's and high cholesterol. However, these medical conditions do not constitute extraordinary and compelling reasons in favor of a sentence reduction. Therefore, the Court finds that Paterson fails the first prong of the "extraordinary and compelling reasons" test.

Paterson also fails the second prong of the "extraordinary and compelling reasons" tests. To date, 0 inmates and 2 staff are currently positive for COVID-19, and 618 inmates have since recovered at FCI Butner.[4] The Court notes that it is not unsympathetic to Paterson's position. His

---

[3] People of Any Age with Underlying Medical Conditions, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 29, 2020).
[4] COVID-19 Coronavirus, Federal Bureau of Prisoners, https://www.bop.gov/coronavirus/ (last visited Nov. 3, 2020).

fears regarding confinement are undoubtedly legitimate. However, the existence of a pandemic does not authorize the undersigned to usurp the BOP's authority and empty prisons, especially where the facility has not been severely impacted by the outbreak. *See United States v. Brown*, No. 5:18 CR 111, Doc #: 48 at 3 (N.D. Ohio May 21, 2020).

### B. Other Relevant Elements

Because Paterson fails both prongs of the "extraordinary and compelling reasons" test, the Court need not determine 1) whether he poses a danger to others should he be released or 2) whether a reduction is appropriate considering the § 3553(a) sentencing factors, pursuant to 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a). *See Hardin*, No. 1:19 CR 240. However, the § 3553(a) factors generally favor release when a high-risk defendant being held in a prison experiencing a severe COVID-19 outbreak has less than a year of their sentence remaining. *See Hardin*, 2020 WL 2610736, at *4. Paterson still has approximately 25 months of his sentence left.

It is also worth noting, that no one can doubt the seriousness of the exchange of child pornography among strangers worldwide using the internet for its dissemination, and the incalculable and devastating harm it has on exploited children. *See* Doc #: 41, Ex. 1-8. The Court finds that reducing his sentence is insufficient punishment for Paterson's heinous crime and fails to provide adequate deterrence for repetition of that conduct in the future.

### III. Conclusion

For the above reasons, Paterson's Motion, **Doc #: 37**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster November 3, 2020*
**Dan Aaron Polster**
**United States District Judge**